UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW J. GURWIN,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.
_____/

Case No. 07-10323

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [2]**

    Pending before this Court is Plaintiff Matthew Gurwin's Motion to Remand and for Attorney Fees, filed on February 20, 2007. Plaintiff brought suit in Michigan state court against Defendant UBS Financial Services, Inc. ("UBS") raising various claims under Michigan law. These include common law claims of tortious interference with an advantageous business relationship, defamation, invasion of privacy, and intentional infliction of emotional distress. Plaintiff also alleges that Defendant committed statutory violations of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901, *et seq.*, and the Bullard-Plawecki Employee Right to Know Act ("Right to Know Act"), Mich. Comp. Laws § 423.501, *et seq.* Then, on January 19, 2007, Defendant removed the case to this Court, claiming that diversity jurisdiction exists.

    In support of his instant motion to remand, Plaintiff argues that the amount in controversy does not meet the $75,000 requirement for diversity jurisdiction to apply under 28 U.S.C. § 1332(a). Defendant responds that, based upon Plaintiff's

interrogatory responses and other sworn statements, the amount in controversy exceeds $75,000, and thus jurisdiction is proper in this Court.[1]  For the reasons set forth below, the Court DENIES Plaintiff's motion to remand.

## I. FACTS

Defendant employed Plaintiff from September of 2004 until March 3, 2006, and Plaintiff's compensation was exclusively commission-based during this time.  (Pl.'s Mot. to Remand (hereinafter, "Pl.'s Mot.") at 2.)  On March 3, 2006, Plaintiff submitted his resignation to Alvin Spencer, the Branch Manager of Defendant's Birmingham, Michigan office.  (*Id.*)  Spencer allegedly threatened Plaintiff by stating the following: (1) "If you are going to work for Gary Ran,[2] you are screwed," (2) "I am going to bring you down," and (3) "I am going to ruin you."  (*Id.*)

On June 20, 2006, the mortgage company with whom Plaintiff was planning to refinance his mortgage contacted Defendant in order to verify Plaintiff's dates of employment and his commission-based earnings.  (*Id.*)   Defendant allegedly misrepresented to the mortgage company that Plaintiff was not paid on commission during his tenure with Defendant and that Plaintiff owed Defendant money.  (*Id.*)

Plaintiff claims that his mortgage refinance was denied as a result of these statements and he "suffered extreme embarrassment, emotional distress, humiliation and incurred damages, including the loss of income due to the closing cost differential

---

[1] The parties agree that complete diversity of citizenship exists in this case, as Plaintiff is a resident of Michigan, while Defendant is a Delaware corporation with its principal place of business in New York.

[2] Gary Ran is a founding member of the firm that Plaintiff joined after submitting his resignation to Defendant. (Pl.'s Mot. at 2, n.1.)

between mortgages and the loss of a more favorable interest rate." (*Id.* at 2-3.)

Defendant answered Plaintiff's complaint on November 22, 2006 and thereafter served Plaintiff with discovery requests, including interrogatories seeking further information on the amount of Plaintiff's claimed damages. (Def.'s Resp. at 3.) On December 28, 2006, Plaintiff's responses to the interrogatories stated, in relevant part, that:

(1) The difference in closing cost attributable to the loan which American Brokers Conduit declined to refinance due to Defendant's defamatory comments and the loan which Plaintiff obtained from Accredited Home Lenders is approximately $9046 ($11,557 less $2,511).

(2) The difference attributable to the interest rates pertaining (sic) the loan which American Brokers Conduit declined to refinance due to Defendant's defamatory comments (1st Mortgage in the principal amount of $416,500 at 7.5%, 2nd Mortgage in the principal amount of $178,500 at 11.25%) and the loan which Plaintiff obtained from Accredited Home Lenders (1st Mortgage in the principal amount of $476,000 at 8.875%, 2nd mortgage in the principal amount of $119,000 at 11.990%);

(3) Lost opportunity costs;

(4) Exemplary and Punitive Damages in an amount in excess of $25,000 to be determined by the jury;

(5) Embarrassment, emotional distress and humiliation damages in an amount in excess of $25,000 to be determined by the jury;

(6) Legal expenses; and

(7) Lost opportunity cost.

\* \* \*

Plaintiff's attorney fees are incurred at an hourly rate, which varies per attorney from $165 to $210 . . . amounts paid through November 30, 2006 are $7215 in fees; and $260.90 in costs, and amounts accrued for December 31, 2006 are $2405 in fees.

(Def.'s Notice of Removal, Ex. C at 6-7.)

Defendant then filed its notice of removal on January 19, 2007 and Plaintiff filed the instant motion to remand on February 20, 2007. Plaintiff's statement of damages that accompanied his motion to remand, as required pursuant to Local Rule 81.1(d), confirms the figures stated above, but also lists the amount of legal expenses and costs accruing through the date of removal as $10,776.25 and indicates that the maximum amount of Plaintiff's lost opportunity costs are $3,350.00. (Pl.'s Mot., Ex. D at 2.)

## II. STANDARD OF REVIEW

The burden of establishing federal jurisdiction rests upon the removing party. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). This burden is a difficult one to overcome as removal statutes "are strictly construed" and any ambiguities "must be resolved in favor of the nonmoving party." *Id.* (citing *Wilson v. U.S. Dep't of Agric.*, 584 F.2d 137, 142 (6th Cir. 1978)). Moreover, the court "must 'look to the complaint as it existed at the time the petition for removal was filed to determine' the matter of federal jurisdiction raised by the defendant's notice of removal." *Id.* (quoting *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991)). Specifically, this means that a court presented with a motion to remand which challenges the amount in controversy required for diversity jurisdiction must look to the plaintiff's claimed damages as of the date of removal. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

If the plaintiff does not specify a precise dollar amount of damages sought in his complaint, then the defendant need only show, by a preponderance of the evidence,

4

that the amount in controversy meets the jurisdictional threshold, *Gafford*, 997 F.2d at 158, and such a showing may be made by reference to "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable." 28 U.S.C. § 1446(b).

### III.  ANALYSIS

Defendant asserts that the amount in controversy exceeds the $75,000 jurisdictional requirement because (1) when aggregated, the damages claimed meet the threshold, and, alternatively, (2) the alleged interest rate differential over the life of Plaintiff's mortgage is greater than $75,000 on its own without considering any other forms of damages requested.

In an attempt to refute Defendant's first argument, Plaintiff states that the amount in controversy at the time of removal was "only $26,[505].15[3] in damages in addition to the non-'sum certain' amounts required to be plead 'in excess of $25,000' under Michigan Court Rule 2.111(B)(2)." (Pl.'s Mot. at 9.)  Defendant, however, argues that Plaintiff's answers to Defendant's interrogatories support an amount in controversy of at least $76,505.17 once Plaintiff's additional claims of at least $25,000.01 for both (1) compensatory, and (2) punitive and exemplary damages, are included.[4] (Def.'s Resp. at 11.)  Thus, Plaintiff's primary theory in support of his motion to remand is that aggregating the minimum claims of $25,000.01 for both the compensatory damages and punitive damages categories is improper since that would double-count the

---

[3] Corrected to reflect an apparent mathematical error of $25 in Plaintiff's brief.

[4] Defendant's brief cited a lower figure of $76,244.27, as it did not include Plaintiff's claim of $260.90 in legal costs, but the Court included this amount to maintain consistency with Plaintiff's calculations.

requested damages in this case.[5]

In support of his position, Plaintiff cites several cases where courts have refused to aggregate damages in situations where the plaintiff raised a number of alternative grounds for recovery, or found that the defendant did not prove that the amount in controversy exceeded $75,000 by a preponderance of the evidence.

With regards to the aggregation issue, Plaintiff cites *Halstead v. SouthernCare, Inc.*, No. 4:05-CV-76, 2005 WL 2261454 at *1 (W.D. Mich. Sept. 16, 2005). There, the plaintiff raised a total of six counts, consisting of separate tortious interference and defamation claims against each of the three individual defendants in that case. In support of their motion to remove the case to federal district court, the defendants aggregated the minimum damage allegation of $25,000 for each of the six counts and asserted that the $75,000 minimal amount in controversy was therefore met. The *Halstead* court granted the plaintiff's motion to remand, reasoning that the dollar value of his damages, whatever that value may be, was strictly related to the particular harm suffered, and not the number of alternative legal theories that would potentially lead to a recovery for his damages suffered. Therefore, aggregating the minimum damage claim

---

[5]Plaintiff also appears to argue in his reply brief that those damages required to be asserted in order to claim state court jurisdiction do not count at all when calculating the amount in controversy for federal removal purposes. (Pl.'s Reply at 1-2.) Not surprisingly, Plaintiff does not cite any legal authority for this position, as such a holding would eliminate virtually all state cases where a jurisdictional amount must be pled from being removed to federal court.

It is also worth noting that aggregation of Plaintiff's attorney fees is proper, as both the Right to Know Act and MCPA provide for a recovery of these amounts. *See* Mich. Comp. Laws §§ 423.511 and 445.911(2). Similarly, Plaintiff's defamation claim allows him to recover exemplary and punitive damages, so these amounts may also be aggregated here.

6

under each separate legal theory for purposes of calculating the amount in controversy was improper in that instance, and the court remanded the case to state court. *Id.* at *2.

Plaintiff fails to recognize that the instant dispute is factually distinguishable from *Halstead*. Plaintiff's interrogatory answers indicate that his damages at the time of removal consisted of $26,505.15 in economic damages for items such as additional expenses and attorney fees incurred as a result of Defendant's conduct, at least $25,000.01 for non-economic damages related to Plaintiff's "[e]mbarrassment, emotional distress and humiliation," (Def.'s Notice of Removal, Ex. C at 6) and at least $25,000.01 in exemplary and punitive damages. Defendant's aggregation of these amounts is different from that sought in *Halstead* due to the fact that Defendant is aggregating different classes, or types, of available damages, while the *Halstead* defendant sought to aggregate the same damages figure asserted under a number of alternative legal theories.

It is true that Plaintiff's proffered damages arise out of the same alleged conduct of Defendant, but each of Plaintiff's classes of damages arise from a distinct legal remedy to which he would be entitled under the law if he proves his case, so aggregating these damage figures is appropriate here. Furthermore, the distinction between the instant facts and those at bar in *Halstead* becomes even more apparent when noting that Plaintiff is seeking both compensatory and punitive damages in this case. The fact that each of those types of damages has a different purpose[6] provides additional support for

---

[6]Compensatory damages are designed to compensate a plaintiff for wrongs done by the defendant, while the rationale for punitive damages is grounded in a desire to punish a defendant for particularly wrongful conduct and to deter such conduct by others. *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 432 (2001).

disregarding the holding in *Halstead* here because of the factual differences between the two cases.

Moving to the issue of Plaintiff's assertion that Defendant did not provide sufficient evidence to support the damage figures, the cases he cites on this point are similarly inapposite from a factual perspective. In both *Rodgers v. CitiMortgage*, No. 05-40084, 2005 WL 1038800 at *1 (E.D. Mich. Apr. 26, 2005) (Gadola, J.) and *Davis v. BASF Corp.*, No. 03-40198, 2003 WL 23018906 at *3 (E.D. Mich. Nov. 24, 2003) (Gadola, J.), at least one of the reasons supporting the court's action of remanding the case to the applicable state court rested on the defendant's failure to substantiate its claim that the plaintiff sought damages in excess of $75,000. Here, however, Defendant's claims are based entirely upon Plaintiff's own sworn statement, and not Defendant's bare claim that the jurisdictional hurdle is met, so a similar issue of evidentiary support is not present before the Court in this case.

For these reasons, Plaintiff's argument that Defendant has improperly aggregated damages is without merit, and the Court DENIES Plaintiff's motion to remand because Defendant has met its burden of proving that the amount in controversy exceeds the jurisdictional requirement of $75,000.[7]

---

[7] Since the aggregation of damages discussed above is sufficient to support subject matter jurisdiction in this case, the Court need not consider Defendant's alternative argument regarding the additional interest expenses that Plaintiff is claiming over the life of the mortgage he eventually obtained. Furthermore, Defendant's citation of Plaintiff's interrogatory answers on damages in its notice for removal constituted a sufficient factual basis for the claim of diversity jurisdiction as required by Local Rule 81.1(b). This information also belies Plaintiff's assertion that Defendant's calculation of damages is based upon mere conceivability or possibility. Finally, Plaintiff's motion for attorney fees pursuant to 28 U.S.C. §1447 is hereby moot and need not be considered.

**IV. CONCLUSION**

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders that Plaintiff's motion to remand the action to state court is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 24, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager