UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW GURWIN,
           Plaintiff(s),                               CASE NO.: 2:07-CV-10323

vs.                                                          HON. NANCY G. EDMUNDS
                                                               MAG. JUDGE STEVEN D. PEPE

UBS FINANCIAL SERVICES, INC.,
           Defendant(s).
_____/

## ORDER GRANTING IN PART DEFENDANT'S
## MOTION TO COMPEL ANSWERS TO DISCOVERY (Dkt #27)

Plaintiff filed this action in Oakland County Circuit Court on September 27, 2006, Plaintiff contends that his application to refinance a mortgage on his private residence was denied because of defamatory and untrue statements made by his former employer company, Defendant, UBS Financial Services Inc. The specific claims involved are:

1.     Tortious Interference with Advantageous Business Relationship;
2.     Defamation;
3.     Invasion of Privacy;
4.     Intentional Infliction of Emotional Distress(to be dismissed by Plaintiff);
5.     Violation of Michigan Consumer Protection Act Mich. Comp. Laws § 445.901, *et seq.*,
6.     Violation of Bullard-Plawecki Employee Right to Know Act. Mich. Comp. Laws § 423.501, *et seq*[1]

---

[1] The facts alleged, as noted in Judge Edmund's April 24, 2007, Order Denying Plaintiff's Motion to Remand ( Dkt. # 9) are:
    Defendant employed Plaintiff from September of 2004 until March 3,2006, and Plaintiff's compensation was exclusively commission-based during this time. (Pl.'s Mot.to Remand (hereinafter, "Pl.'s Mot.") at 2.) On March 3, 2006, Plaintiff submitted his resignation to Alvin Spencer, the Branch Manager of Defendant's Birmingham, Michigan office. (*Id.*) Spencer allegedly threatened Plaintiff by stating the following: (1) "If you are going to work for Gary Ran, [2] you are screwed," (2) "I am going to bring you down," and (3) "I am going to ruin you." (*Id.*)

1

Defendant filed an answer on November 22, 2006, and after it was determined through discovery that the amount of damages sought exceeded $75,000, the case was removed to this Court on January 19, 2007, under diversity jurisdiction (Dkt. # 1). Following efforts to obtain discovery from the Plaintiff, Defendant' filed a Motion to Compel Answer to Discovery (Dkt/ # 27). This matter was referred for hearing and determination pursuant to 28 USC 636 (B)(1)(A) ( Dkt. # 28).

Defendant's counsel submitted it First Request for Production of Documents to the Plaintiff on November 22, 2006. The present motion sought to compel responses to this First Request for Production. Defendant's motion focused on discovering materials relating to two matters: (1) Plaintiff's emotional and mental health and (2) his financial status.

A telephonic hearing was held on September 25, 2007, to address these matters.

During the hearing, Plaintiff's counsel stated Plaintiff's intention to pursue only economic claims. Accordingly, Plaintiff's counsel stated that all claims of intentional infliction of emotional damages, humiliation or mental anguish would be withdrawn.

---

On June 20, 2006, the mortgage company with whom Plaintiff was planing to refinance his mortgage contacted Defendant in order to verify Plaintiff's dates of employment and his commission-based earnings. (*Id.*) Defendant allegedly misrepresented to the mortgage company that Plaintiff was not paid on commission during his tenure with Defendant and that Plaintiff owed Defendant money. (*Id.*)

Plaintiff claims that his mortgage refinance was denied as a result of these statements and he "suffered extreme embarrassment, emotional distress, humiliation and incurred damages, including the loss of income due to the closing cost differential between mortgages and the loss of a more favorable interest rate." (*Id*. at 2-3.)

---

[2] Gary Ran is a founding member of the firm that Plaintiff joined after submitting his resignation to Defendant. (Pl.'s Mot. at 2, n.1.)

Defendant's counsel sought access to any of Plaintiff's electronic diaries, which referenced UBSFS, American Brokers Conduit or Paramount Bank or their agents, from 2004 until the present (Request nos. 18, 25, 30). Plaintiff resigned from UBSFS in March 2006. It was at this time that Plaintiff was allegedly threatened by an agent of UBSFS. Plaintiff's mortgage was rejected in June 2006.

Further, Defense counsel sought Plaintiff's clarification about Plaintiff's responses to some of the Requests for Production. Defense counsel was concerned that Plaintiff's answers were excessively vague and sought clarification as to whether or not Plaintiff intended to use additional documents in their response. If not, Defense counsel requested that Plaintiff stipulate to the completeness of their response. If Plaintiff intended to use documents, Defense counsel sought to have Plaintiff's counsel mark the referenced documents with Bates' label. Plaintiff's counsel expressed a willingness to verify that either (1) no other documents were going to be used or (2) label the specific documents with Bates' labels.

Accordingly, for these reasons, and those other reasons stated on the record, Defendant's motion to obtain Plaintiff's medical and psychiatric records is DENIED pending Plaintiff's withdrawal of all of Plaintiff's claims relating to the intentional infliction of emotional distress, humiliation or depression.

Defendant's motion for discovery of over two years worth of Plaintiff's electronic diaries is overly broad given the limited time frame of events in question. Financial information regarding the parties, in a more circumscribed time frame, could possess significant probative value while not being unduly burdensome for the Plaintiff. Accordingly, Defendant's motion for access to Plaintiff's electronic diaries is DENIED in part and GRANTED in part. Defendant

shall have access to any and all of Plaintiff's electronic diary records, from January 1, 2007 until August 1, 2007, which reference UBS, UBSFS, American Brokers Conduit or Paramount Bank or any of their agents.

Finally, Defendant's request for clarification regarding documents is DENIED and GRANTED in part. Plaintiff's counsel must verify that no other documents will be cited with regard to Requests for Production numbers: 1, 2, 4, 5, 6, 9-14, 17, 20-2, 28, 30 and 31. Further, Plaintiff, will identify by Bates' number ranges the relevant documents cited in Request for Production numbers: 10, 12-14, and 17.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: September 28, 2007                          s/Steven D. Pepe
Ann Arbor, Michigan                             United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Jay C. Boger, Frederick D. Elias, Christine R. Essique, Elizabeth P. Hardy, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable

                                                                  s/ James P. Peltier
                                                                  Courtroom Deputy Clerk
                                                                  U.S. District Court
                                                                  600 Church St.
                                                                  Flint, MI 48502
                                                                  810-341-7850
                                                                  pete_peltier@mied.uscourts.gov