UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW GURWIN,
        Plaintiff(s),         CASE NO.: 2:07-CV-10323

vs.         HON. NANCY G. EDMUNDS
        MAG. JUDGE STEVEN D. PEPE

UBS FINANCIAL SERVICES, INC.,
        Defendant(s).
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL (Dкт #20)

Plaintiff filed this action in Oakland County Circuit Court on September 27, 2006, Plaintiff contends that his application to refinance a mortgage on his private residence was denied because of defamatory and untrue statements made by his former employer company, Defendant, UBS Financial Services Inc. The specific claims involved are:

1. Tortious Interference with Advantageous Business Relationship;
2. Defamation;
3. Invasion of Privacy;
4. Intentional Infliction of Emotional Distress(to be dismissed by Plaintiff);
5. Violation of Michigan Consumer Protection Act Mich. Comp. Laws § 445.901, *et seq.*,
6. Violation of Bullard-Plawecki Employee Right to Know Act. Mich. Comp. Laws § 423.501, *et seq*[1]

---

[1] The facts alleged, as noted in Judge Edmund's April 24, 2007, Order Denying Plaintiff's Motion to Remand ( Dkt. # 9) are:
    Defendant employed Plaintiff from September of 2004 until March 3,2006, and Plaintiff's compensation was exclusively commission-based during this time. (Pl.'s Mot.to Remand (hereinafter, "Pl.'s Mot.") at 2.) On March 3, 2006, Plaintiff submitted his resignation to Alvin Spencer, the Branch Manager of Defendant's Birmingham, Michigan office. (*Id.*) Spencer allegedly threatened Plaintiff by stating the following: (1) "If you are going to work for Gary Ran,[2] you are screwed," (2) "I am going to bring you down," and (3) "I am going to ruin you." (*Id.*)

1

Defendant filed an answer on November 22, 2006, and after it was determined through discovery that the amount of damages sought exceeded $75,000, the case was removed to this Court on January 19, 2007, under diversity jurisdiction (Dkt. # 1). Following frustrated efforts to schedule various depositions of Plaintiff and two defendant employees,, John Kulhavi and Alvin Spencer, Defendant' filed a Motion to Compel Plaintiff's Deposition, for Entry of Protective Order, and for Imposition of Discovery Sanctions (Dkt/ # 20). This matter was referred for hearing and determination ( Dkt. # 11).

The parties' counsel had been trying to schedule depositions of Plaintiff and John Kulhavi and Alvin Spencer. In a letter of June 28, 2007, Plaintiff's counsel noted by facsimile to defense counsel that she was reserving the dates of July 26 and 27, among others, for depositions and that her client, Plaintiff, was available for deposition July 27. She noted her desire to take the depositions of John Kulhavi and Alvin Spencer on July 26, and enclosed formal notices to that effect. Plaintiff counsel was on vacation from that date through July 11. Defense counsel wrote on June 28, 2007, confirming the Plaintiff's deposition and noting that he

---

On June 20, 2006, the mortgage company with whom Plaintiff was planing to refinance his mortgage contacted Defendant in order to verify Plaintiff's dates of employment and his commission-based earnings. (*Id.*) Defendant allegedly misrepresented to the mortgage company that Plaintiff was not paid on commission during his tenure with Defendant and that Plaintiff owed Defendant money. (*Id.*)
Plaintiff claims that his mortgage refinance was denied as a result of these statements and he "suffered extreme embarrassment, emotional distress, humiliation and incurred damages, including the loss of income due to the closing cost differential between mortgages and the loss of a more favorable interest rate." (*Id*. at 2-3.)

[2] Gary Ran is a founding member of the firm that Plaintiff joined after submitting his resignation to Defendant. (Pl.'s Mot. at 2, n.1.)

2

would check to confirm the availability of John Kulhavi and Alvin Spencer. Their availability for depositions on July 27 was confirmed in a letter of July 10 and a re-notice of Plaintiff's deposition was sent for July 26. This notice was received by Plaintiff's counsel when she returned from her vacation on July 11. Yet, it was not until July 24 at 6:42 pm, that she faxed defense counsel that her client was not available on July 26 nor on July 27 as earlier represented. One might have thought that such a substantial change of her discovery plan proffered to Defense counsel so near to the close of discovery might have warranted an early morning phone call attempt to defense counsel on the following business day July 25.

  This case is not one of significance factual complexity and it is now a year in duration. On July 25, defense counsel responded to Plaintiff counsel's fax that he could make John Kulhavi and Alvin Spencer available for deposition on July 26, and take Plaintiff's deposition on July 27 – which was the date Plaintiff's counsel had earlier confirmed as to Plaintiff's availability. Defense counsel also tried unsuccessfully to contact Plaintiff's counsel by phone to discuss scheduling, but she was in court and unavailable. Plaintiff's counsel's response was a July 25 fax proposal of alternate dates in mid to late August for all of the depositions.

  At the telephonic hearing of September 25, 2007, on Defendant's motion, it was determined that Plaintiff's counsel had not demonstrated a substantial justification for not keeping the July 26 and 27 dates for the three depositions, particularly given defense counsel's willingness to switch those days to accommodate Plaintiff's availability. Even if Plaintiff was not available for his deposition, there was no substantial justification for Plaintiff's counsel not to have attended and taken the depositions of John Kulhavi and Alvin Spencer that she had noticed for those July dates. Any input needed from her client could have been obtained from

3

Plaintiff prior to the depositions, and a general design for what might be achieved in these depositions should already have been developed in the mind of any competent trial counsel this far into the litigation.

Accordingly, for these reasons, and those other reasons stated on the record including the motion cut off date being October 17, 2007, Defendant's motion to take the deposition of Plaintiff is GRANTED and Plaintiff shall make himself available on or before October 8, 2007, at a time and place mutually conventient to counsel for both sides to the extent possible .  The discovery cut off date of September 17, 2007,  is amended and extended  to accommodate this deposition.

Discovery was cut off September 17, 2007, accordingly Defendant's motion for a protective order barring the depositions of John Kulhavi and Alvin Spencer is DENIED as moot.

Because defense counsel did not comply with Local Court Rule 7.1(a),  Defendant's motion for monetary sanctions is DENIED.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy  as provided for in 28 U.S.C. § 636(b)(1),  Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order  to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: September  28, 2007　　　　　　　　　　　　　　　　s/Steven D. Pepe  
Ann Arbor, Michigan　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the E.C. system which will send notification of such filing to the following: Jay C. Boger, Frederick D. Elias, Christine R. Essique, Elizabeth P. Hardy, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-EC. participants: not applicable

                                                  s/ James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502
                                                  810-341-7850
                                                  pete_peltier@mied.uscourts.gov