UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW J. GURWIN,

    Plaintiff(s),

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant(s).
    _____/

Case No. 07-10323

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 [51]**

On February 4, 2008, this Court issued an opinion and order granting Defendant's motion for summary judgment. Defendant now seeks sanctions against Plaintiff and Plaintiff's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. For the reasons set forth below, Defendant's motion is GRANTED IN PART AND DENIED IN PART.

**I. Facts**

Plaintiff Matthew J. Gurwin brought this action against Defendant UBS Financial Services, Inc. alleging tortious interference with a business relationship, defamation, and violation of the Bullard-Plawecki Employee Right to Know Act, Mich. Comp. Laws § 423.501, *et seq.* Plaintiff brought the claims in connection with his inability to secure a mortgage. The underlying facts of this litigation are fully explored in the Court's previous orders. The facts relevant to this motion are as follows.

On October 9, 2007, Defendant's counsel sent a letter to Plaintiff's counsel contending that Plaintiff's claims lacked legal merit and that Plaintiff brought the suit in order to harass Defendant and cause needless expense. (Def.'s Mot., Ex. B, 10/9/07 letter at 1.) The letter made reference to discovery disputes between the parties and to the fact that Plaintiff's present employer–a business competitor of Defendant–was paying Plaintiff's attorney fees in the suit. (*Id.*) Plaintiff admitted in a deposition that his current employer was paying his attorney fees. (Def.'s Mot., Ex. A, Dep. of Gurwin at 95-96.) The letter also pointed out that key evidence relied upon by Plaintiff was inadmissible hearsay. (Def.'s Mot., Ex. B at 2.)

In its October 9 letter, Defendant declared its intent to seek sanctions if Plaintiff did not dismiss the entire lawsuit. (*Id.* at 4.) A week later, Plaintiff agreed to dismiss some claims, but continued to pursue the tortious interference, defamation, and Bullard-Plawecki claims. (Pl.'s Resp. at 2.) The following day, Defendant reiterated by letter its intention to seek sanctions regarding Plaintiff's remaining claims. (Def.'s Mot. ¶¶ 5-6; Def.'s Mot., Ex. C.)

Defendant served a copy of its motion for sanctions on Plaintiff's counsel on December 26, 2007. (Def.'s Mot. ¶ 11.) This Court granted Defendant's motion for summary judgment on February 4, 2008. Defendant subsequently filed this motion for sanctions on February 7, 2008.

**II. Analysis**

Defendant argues that it is entitled to sanctions because Plaintiff maintained his suit for an improper purpose, because Plaintiff's claims lacked legal merit, and because Plaintiff's factual contentions lacked evidentiary support and because Plaintiff made a

factual mischaracterization in its response brief.  Plaintiff responds that Defendant cannot show the suit was brought for an improper purpose merely because Defendant's competitor was paying Plaintiff's attorney fees, that this Court's granting of summary judgment does not establish that Plaintiff's claims were frivolous, and that Plaintiff provided factual support for his claims.  Defendant contends that sanctions are appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. § 1927.  The Court will consider these claims separately.

### A. Rule 11 Sanctions

Plaintiff does not dispute that Defendant has complied with the procedural requirements of Rule 11.  *See* Fed. R. Civ. P. 11(c)(2).  Instead, Plaintiff contends that Defendant has failed to establish any violation of the Rule's substantive requirements for imposition of sanctions.  Rule 11(b) provides, in pertinent part, that

> [b]y presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

*Id.* 11(b).  Rule 11, however, "does not apply to disclosures and discovery requests, responses, objections, and motions[.]"  *Id.* 11(d). If "the court determines that Rule 11(b)

has been violated, the court *may* impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* 11(c)(1) (emphasis added). Thus, the imposition of sanctions is discretionary. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). The test for Rule 11 sanctions is "whether the attorney's conduct was reasonable under the circumstances." *Id.*

The Court will address in turn each of Defendant's proposed bases for Rule 11 sanctions.

### 1. Improper Purpose

In arguing that Plaintiff maintained this lawsuit for the improper purpose of harassing Defendant and causing needless expense, Defendant notes that Plaintiff was uncooperative during discovery and that Plaintiff's present employer–a competitor of Defendant–was paying Plaintiff's attorney fees. These allegations are insufficient to support Rule 11 sanctions. First, a review of the parties' discovery disputes is improper under Rule 11 analysis. *See* Fed. R. Civ. P. 11(d). The parties filed numerous discovery motions (including one regarding discovery misconduct) that were resolved by Magistrate Judge Pepe. (Docket Text ## 25, 34, 35, 36.) Second, the mere fact that Defendant's business competitor was paying Plaintiff's attorney fees does not alone establish that the suit was brought to harass Defendant and cause needless cost; in any event, Plaintiff claims he intends to repay his employer. (Pl.'s Resp. at 1.) Accordingly, Defendant has not shown that Plaintiff's suit was maintained for an improper purpose and in a manner unreasonable under the circumstances.

### 2. Plaintiff's Legal Contentions

Defendant argues that all three of Plaintiff's legal claims lacked merit under Rule 11(b)(2). The Court disagrees. First, the Court granted summary judgment on the tortious interference and defamation claims because Plaintiff failed to make out a prima facie case with regard to the claims' causation prongs. Plaintiff could not establish causation because the Court found that adverse statements regarding Plaintiff made by Defendant's Branch Operation Manager were inadmissable hearsay and that the remaining evidence showed Plaintiff's loan was denied for other reasons. Had the statements been admissible, Plaintiff could have made out a prima facie for tortious interference and for defamation. Thus, while Plaintiff's factual contentions were highly questionable (this is discussed more fully below), Plaintiff's legal claims did not lack merit.

Plaintiff's Bullard-Plawecki claim also did not violate Rule 11(b)(2). On this claim, the Court disagreed with Plaintiff's argument that an employee handbook was a "personnel record." While Plaintiff could not point to a case to support her argument, the Court believes that the contention was warranted "by a nonfrivolous argument for extending . . . existing law or for establishing new law." Thus, Plaintiff's Bullard-Plawecki claim is not sanctionable.

### 3. Plaintiff's Factual Contentions

Plaintiff's factual contentions in his response to Defendant's motion for summary judgment do provide a basis for the imposition of sanctions. In support of Plaintiff's tortious interference and defamation claims, the only admissible evidence presented by Plaintiff's counsel was a "Verbal Verification of Employment" sheet that contained the notation, "did not rcv bonus/commission." The other evidence presented by Plaintiff's counsel was excluded as patently inadmissible hearsay.

First, Plaintiff sought to use Ms. Reid's testimony that she spoke to an unidentified male who told her that he had heard Plaintiff's loan was denied due to statements by Mr. Kulhavi. This is a textbook example of double hearsay: the statement of the unidentified male, and the statement he allegedly "heard" regarding Plaintiff's loan. And while Plaintiff's counsel sought to establish that the hearsay fell under the "effect on the listener" exception to the hearsay rule, she was unable to present any evidence as to the alleged effect of the statements on Ms. Reid.

Further, Plaintiff's counsel relied on Plaintiff's own testimony as to what was supposedly said by Ms. Reid. Again, this is plainly hearsay, and Plaintiff's counsel presented no reasonable argument that the testimony was admissible under a hearsay exception.

Even if these hearsay issues were not immediately apparent to Plaintiff's counsel when she initially sought to use them to support Plaintiff's claims, Defense counsel sent a letter pointing out the deficiencies. Nonetheless, Plaintiff's counsel continued to pursue the claims and continued to use the hearsay evidence in support.

Accordingly, the Court determines that Plaintiff's counsel violated Fed. R. Civ. P. 11(b)(3), which requires factual contentions to have evidentiary support. Thus, Defendant's motion is GRANTED with respect to Plaintiff's attempted use of hearsay testimony to establish the tortious interference and defamation claims.

Defendant also seeks sanctions based on Plaintiff's counsel's mischaracterization of Ms. Reid's deposition testimony. When the Court granted Defendant's motion for

summary judgment, it noted that it was troubled by this mischaracterization.[1] At oral argument for the sanctions motion, Plaintiff's counsel asserted that she did not intend to mischaracterize the testimony; rather, she was "synthesizing" the testimony of Ms. Reid with that of Plaintiff, and any apparent misrepresentation was due to a citation error. The characterization of Ms. Reid's testimony which the Court found troubling was repeated at page 15 in Plaintiff's response brief; there, the citation makes clear that the factual assertion is attributable both to Ms. Reid and to Plaintiff. The Court therefore accepts Plaintiff's counsel's explanation, finds that the mischaracterization was not made in bad faith, and holds that it does not provide a basis for sanctions.

**B. Sanctions under 28 U.S.C. § 1927**

28 U.S.C. § 1927 states that an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 does not require a showing of subjective bad faith but, rather, is satisfied "when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of

---

[1]The Court noted:
> Plaintiff's counsel, trying to explain why Plaintiff declined the counter-offer, states that "in Ms. Reid's words, there was nothing else she could do to remedy the situation for Plaintiff because ABC thought, due to Defendant's unlawful actions, that Plaintiff had lied." (Pl.'s Resp. at 5.) The Court is troubled by counsel's mischaracterization of Ms. Reid's statements. With respect to the counter-offer, Ms. Reid testified that 'it didn't appear that [Plaintiff] would qualify under those circumstances.' (Pl.'s Resp., Ex. E at 32.) Nowhere does Ms. Reid state that the loan was denied because ABC thought Plaintiff had lied.

(Docket Text # 49 at 4 n.4.)

nonfrivolous claims." *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (quoting *Ridder*, 109 F.3d at 298). Mere negligence or inadvertence, however, will not support a § 1927 sanction. *Riddle*, 266 F.3d at 553. Rather, "[t]here must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

Plaintiff's conduct in this case does not support the imposition of § 1927 sanctions. Plaintiff's tortious interference, defamation, and Bullard Plawecki claims were not frivolous, and Plaintiff's counsel has not otherwise engaged in conduct that rises to the level of a § 1927 violation. Simply put, Plaintiff pursued these three claims but failed to prevail on summary judgment. Plaintiff's filing of a response brief in opposition to Defendant's summary judgment motion does not alone amount to an unreasonable and vexatious multiplication of the proceedings.

### C. Sanctions Amount

Fed. R. Civ. P. 11(c)(1) provides for an "appropriate sanction." In its motion, Defendant claims that it has incurred $15,432.35 in attorney fees. Defendant submitted a post-hearing supplement in which it asserts that it has incurred additional attorney fees in the amount of $4,087.07. This brings Defendant's total attorney fees in this matter to $19,519.42. Because Defendant's motion is granted only in part, however, the Court determines that an award of full attorney fees is not appropriate. The Court concludes that an award of attorney fees in the amount of $4,000.00 is an appropriate sanction, based on

fees incurred as a result of Plaintiff's attempted use of Ms. Reid's and Plaintiff's hearsay testimony in support of Plaintiff's tortious interference and defamation claims.

### III. Conclusion

For the foregoing reasons, Defendant's motion is GRANTED IN PART AND DENIED IN PART.  Defendant is awarded attorney fees in the amount of $4,000.00.


                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated:  April 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2008, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer
                        Case Manager